NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Noble Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

---

U.S. District Court
No. 2005-290

ROBERT THERRIEN

v.

MARK F. SULLIVAN

Argued: October 20, 2005
Opinion Issued: January 27, 2006

Desfosses Law Firm, of Portsmouth (Sven D. Wiberg on the brief and orally), for the plaintiff.

Nelson, Kinder, Mosseau & Saturley, P.C., of Manchester (John C. Kissinger, Jr. and Richard C. Bell, Jr. on the brief, and Mr. Kissinger orally), for the defendant.

BRODERICK, C.J. Pursuant to Supreme Court Rule 34, the United States District Court for the District of New Hampshire (McAuliffe, C.J.) certified to us the following questions of law:

> 1. In the context of a civil action for criminal legal malpractice, see, e.g., Mahoney v. Shaheen, Cappiello, Stein & Gordon, P.A., 143 N.H. 491 (1999), when does a criminal defendant's cause of action against his or her defense counsel accrue?

      2. If the cause of action for criminal legal malpractice accrues upon the criminal defendant's discovery of the attorney's alleged negligence and the resulting harm, is the pertinent state limitations period tolled until the criminal defendant obtains collateral relief from his or her underlying criminal conviction (thereby avoiding estoppel bars to proving actual innocence)?

    For the reasons stated below, we answer the first question that New Hampshire follows the "bright-line" or "one track" approach with respect to criminal legal malpractice claims; thus the limitation period would not accrue until the defendant obtained direct or collateral relief from his or her underlying criminal conviction. In light of our response to the first question, we need not address the second question.

    The district court's order provides the following facts. While living in Portsmouth, Robert Therrien allegedly forced the six-year-old victim to perform fellatio on him. Soon thereafter, the family moved to Maine. In 1995, the victim informed her mother about the alleged assault. Therrien was charged with that assault, but before he was brought to trial in New Hampshire, he was tried for other alleged sexual assaults committed against the victim while the family was living in Maine. Therrien was acquitted of the Maine charges.

    At Therrien's later trial in New Hampshire, the jury was allowed to hear evidence of the alleged sexual assaults that occurred in Maine. Defense counsel was not, however, permitted to introduce evidence that Therrien was acquitted of those charges. In addition, over defense counsel's objection, the jury was allowed to hear testimony from the victim's social worker, who testified that Therrien had abused the victim until she was thirteen years old. In March of 1997, Therrien was convicted of aggravated felonious sexual assault and was sentenced to serve seven and one-half to fifteen years in prison.

    On direct appeal to this court, Therrien, represented by different counsel, asserted that the trial court erred in admitting evidence of other bad acts, including the alleged sexual assaults that occurred in Maine, without permitting him to introduce evidence that he had been acquitted of those charges. State v. Therrien, 144 N.H. 433, 434 (1999). He also argued on appeal that the trial court erred in allowing the victim's therapist to testify about multiple incidents of uncharged abuse. Id. We affirmed Therrien's conviction, concluding that the victim's testimony about the previous sexual assaults in Maine amounted to harmless error. Id. at 436. In addition, we concluded that Therrien failed to preserve for appeal his objections to: (1) the trial court's ruling precluding the introduction of evidence of his acquittal on

the Maine charges; and (2) the introduction of the social worker's testimony. Id. at 437-38.

Following our decision, Therrien sought collateral relief in the State trial court, claiming that he had been denied effective assistance of counsel during his first trial. Therrien's motion for a new trial was denied by the trial court based upon its finding that he had been provided constitutionally adequate representation. We vacated that holding because the trial court failed to conduct an evidentiary hearing on the matter prior to its ruling. State v. Robert Therrien, No. 2000-579 (N.H. Oct. 1, 2001). The case was then transferred to a second judge, an evidentiary hearing was held, and the court found that counsel provided constitutionally deficient representation. State v. Therrien, No. 96-S-541 (N.H. Super. Ct. May 7, 2002). Accordingly, the court vacated Therrien's conviction and granted his motion for a new trial. The State, however, declined to reprosecute. By that time, Therrien had already served approximately five years in prison.

On January 28, 2004, Therrien filed his diversity action against his former attorney, Mark Sullivan, claiming that he is actually innocent of the charges brought against him and that Sullivan's deficient representation proximately caused his allegedly wrongful conviction and incarceration. Sullivan moved to dismiss on the grounds that Therrien's action is barred by the applicable limitation period.

In this State, a civil malpractice action requires proof of (1) an attorney-client relationship, which triggers a duty on the part of the attorney to exercise reasonable professional care, skill and knowledge in providing legal services to that client, (2) a breach of that duty, and (3) resultant harm legally caused by the breach. Mahoney v. Shaheen, Cappiello, Stein & Gordon, P.A., 143 N.H. 491, 495-96 (1999). A criminal malpractice action alleging false conviction requires identical proof and, in addition, requires the claimant to prove, by a preponderance of the evidence, actual innocence. Id. at 496. It is not sufficient for a claimant to prove that if counsel had acted differently, legal guilt would not have been established. Id. As a matter of law, the gateway to damages will remain closed unless a claimant can establish that he or she is, in fact, innocent of the conduct underlying the criminal charge. Id.

An action for malpractice is governed by RSA 508:4 (1997), which establishes a three-year limitation period for all personal injury actions. Furbush v. McKittrick, 149 N.H. 426, 430 (2003). A cause of action arises, thereby triggering the running of the three-year statute, once all the elements necessary for such a claim are present. See Shaheen, Cappiello, Stein & Gordon v. Home Ins. Co., 143 N.H. 35, 40 (1998). A cause of action for legal malpractice in a civil proceeding accrues when an attorney breaches a professional duty, damages occur as a result, and the claimant knows or

3

should know of the injury and its cause. See id; Conrad v. Hazen, 140 N.H. 249, 251-52 (1995).

We have not yet addressed when a cause of action for legal malpractice in a criminal proceeding accrues. Among those jurisdictions which have considered it, there is a decided lack of agreement. Many jurisdictions follow the so-called "bright-line" or "one-track" approach that requires a convicted criminal defendant to obtain post-conviction relief before a cause of action for legal malpractice accrues. See, e.g., Shaw v. State, Dept. of Admin., PDA, 816 P.2d 1358, 1360 (Alaska 1991); Steele v. Kehoe, 747 So. 2d 931, 933 (Fla. 1999). Other courts, however, have adopted a "two-track approach," holding that a cause of action for malpractice accrues as soon as a defendant becomes aware of his or her attorney's negligence and the resulting injury. See, e.g., Morrison v. Goff, 91 P.3d 1050, 1055-58 (Colo. 2004); Ereth v. Cascade County, 81 P.3d 463, 469-70 (Mont. 2003). After considering our decision in Mahoney, which sets out the elements for criminal legal malpractice, including actual innocence, and reviewing case law from other jurisdictions, we adopt the reasoning of the "bright-line" or "one track" approach. Because the elements as defined in Mahoney would be present at the time of the defendant's conviction, we further hold that post-conviction relief is also required as an element of criminal legal malpractice.

We are persuaded by the reasoning of the Supreme Court of Minnesota, which held that until appellate or collateral relief is obtained with regard to the underlying conviction, a claim for criminal malpractice cannot survive a motion to dismiss. See Noske v. Friedberg, 670 N.W.2d 740, 744-45 (Minn. 2003). The Minnesota Court reasoned that

> as long as a valid criminal conviction is in place a legal malpractice cause of action based on a defense counsel's ineffective assistance cannot withstand a Rule 12.02(e) motion to dismiss.
> . . . .
> . . . [B]y precluding claims from proceeding in which a plaintiff's criminal conviction has not been overturned and will likely never be overturned, our decision comports with another fundamental policy of the statute of limitations, which is to permit the judicial system to husband its limited resources. Therefore, in this case, the policy against allowing a defendant to collaterally attack a valid criminal conviction in a subsequent civil proceeding outweighs the policy of preventing stale claims.

Id. at 745-46 (citation and quotation omitted); see Canaan v. Bartee, 72 P.3d 911, 921 (Kan.) ("We hold that before [a criminal defendant] may sue his attorneys for legal malpractice he must obtain post-conviction relief."), cert. denied, 540 U.S. 1090, 1090 (2003); Adkins v. Dixon, 482 S.E.2d 797, 801 (Va.

1997) ("Since successful termination of [post-conviction collateral challenges to the conviction] is part of [plaintiff's] cause of action, he has no right of action until that time and, thus, the statute of limitations does not begin to run until termination of the post-conviction proceeding."); Stevens v. Bispham, 851 P.2d 556, 566 (Or. 1993) ("We hold that, in order for one convicted of a criminal offense to bring an action for professional negligence against that person's criminal defense counsel, the person must, in addition to alleging a duty, its breach, and causation, allege 'harm' in that the person has been exonerated of the criminal offense through reversal on direct appeal, through post-conviction relief proceedings, or otherwise."). Among the justifications for this approach, the court in Noske also noted: "equitable principles; the difficulties of proving causation and damages in a criminal malpractice case where the plaintiff has not yet been exonerated; the existence of comprehensive post-conviction review; and collateral estoppel." Noske, 670 N.W.2d at 745 (quotation, ellipsis, and brackets omitted).

The defendant contends that even when a plaintiff's attempts to obtain post-conviction relief "outlast the statute of limitations, the plaintiff is not without a remedy." He argues that "there is nothing prohibiting the plaintiff in such circumstances from filing the action within the statute of limitations, and simultaneously moving to stay the malpractice action while the plaintiff seeks post-conviction relief." We reject this argument. As the court in Noske observed:

> [A]llowing a criminal defendant-plaintiff to commence a legal malpractice action before obtaining post-conviction relief in the criminal matter and then staying the malpractice action until the issue of post-conviction relief in the criminal matter is settled would squander scarce judicial resources.

Id. at 744 n.3.

We recognize, as the defendant argues, that one of the fundamental principles of the statute of limitations is to "eliminate stale claims and grant repose to liability that otherwise would linger on indefinitely." Id. at 746. However, in cases such as this, "where [the] attorney's malpractice occurs during litigation, the dangers associated with delay are lessened because a record will have been made of the actions which form the substance of the later malpractice action." Amfac Distribution Corp. v. Miller, 673 P.2d 795, 798 (Ariz. Ct. App. 1983). Accordingly, the policy against allowing a defendant to collaterally attack a valid criminal conviction in a subsequent civil proceeding outweighs the policy of preventing stale claims.

Our holding today is a recognition that as long as a valid criminal conviction is in place, a legal malpractice cause of action based on a defense

6

counsel's ineffective assistance resulting in that conviction cannot withstand a motion to dismiss. Accordingly, we conclude that an action for criminal legal malpractice does not accrue until a criminal defendant receives post-conviction relief.

Remanded.

DALIANIS, DUGGAN and GALWAY, JJ., concurred.